NICHOLAS CARAMBAS, APPELLANT, v. ARMIN BERGIDA, INCORPORATED, A CORPORATION, RESPONDENT.

Submitted October 15, 1926—Decided March 23, 1927.

An instruction to the jury in the trial of an accident case, in which the driver of a truck was struck by another truck while crossing an intersecting street, which, in effect, was that if the plaintiff could have seen the other vehicle if he had looked and had the faculties to understand the danger to which he was exposed, he was chargeable with knowledge of them, and that his failure to use reasonable care under such circumstances would defeat his recovery, was not erroneous.

On appeal from the Essex County Common Pleas Court.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Kalisch & Kalisch.*

For the respondent, *McCarter & English.*

The opinion of the court was delivered by

LLOYD, J. This is an appeal by the plaintiff, Nicholas Carambas, from a judgment in favor of defendant rendered in the Essex Court of Common Pleas.

The single complaint is to the instruction given by the court to the jury several hours after it retired, upon a question from the jury as follows:

"If a person operating a car is supposed to see an object approaching him, notwithstanding who has the right of way, and an accident occurred, will the fact that he does not see the object be contributory negligence?"

The response of the court was: ·

"If the evidence shows that the plaintiff himself was guilty of negligence contributing to the injury, there can be no recovery. The distinction, however, must be drawn between condition and causes. The question must always be considered whether the act of the plaintiff had a natural tendency to expose him directly to the danger which resulted in the injury complained of. If it had not, the plaintiff's negligence is not considered in law as contributing to the injury."

To this the court added that—

"One who sees, or could have seen if he had looked, and has the faculties to understand the dangers to which he is exposed, is charged with a knowledge of them, and his failure to act on the knowledge as a prudent and cautious man would act under like circumstances is negligence, which would defeat recovery."

The criticism is directed to the last sentence, and is that it assumes an obligation on the plaintiff to look and to observe the dangers to which he is exposed. The accuracy or inaccuracy of this charge, it seems to us, depends much upon the conditions which were confronting the plaintiff in the court below. He was driving a three-quarter-ton truck east on Bloomfield avenue, in Newark, on the night of July 28th, 1924. He was on his way to Center Market, and as he was attempting to cross Sixth street, he was struck by the truck of the defendant going north on Sixth street and from plaintiff's right.

He testified that when he was twenty-five feet away from the corner he heard the noise of the truck; that he himself was going about twelve miles an hour; that the noise was on his right side; that he went on ten feet and stopped at fifteen feet short of the corner; that he could not see the truck;

that he remained in that position until he was struck; that there was plenty of light at the corner although it was three o'clock in the morning. It appears that the plaintiff was deaf in one ear, but there was no evidence that his eyesight was impaired.

In effect, the language of the judge was that if the plaintiff could have seen if he had looked, and had the faculties to understand the dangers to which he was exposed, he was charged with a knowledge of them, and his failure to use reasonable care under such circumstances would defeat recovery. It seems to us, under the circumstances, this was not a misdirection to the jury. The plaintiff was approaching a crossing where he would expect to meet vehicles holding a right of way over him. He heard the noise of the approaching car. There was light enough to see. Public crossings are always places of danger. While the usual method of charging a jury is an instruction that the faculties must be used, in this case it was nothing more than a requirement that the plaintiff, as he approached this dangerous place, should use at least one of the faculties with which he was provided.

This portion of the charge was taken from *Bouv. Dict.* (1897 *ed.*) 481, and has sanction in our own courts. The same rule is, as we think, substantially stated by Mr. Justice Kalisch, speaking in a somewhat similar case for the Court of Errors and Appeals in *Pool* v. *Brown,* 89 *N. J. L.* 314, wherein he says: "The driver of the automobile was under a legal duty to use reasonable care to avoid colliding with other vehicles or persons in the public highway. His duty was to be on the alert, to observe persons who were in the street, or about to cross the street, and to use reasonable care to avoid colliding with them. He was under a duty to have his automobile under proper control. He was under an obligation to take notice of the conditions existing in the public street and to propel his car in a manner suitable to those conditions." So, here, it was the duty of the plaintiff to be on the alert, to observe other vehicles that were in the street, or were about to cross it, and to use reasonable care to avoid colliding with them. This is substantially what the trial judge told the jury.

It will be observed further that the instruction to the jury complained of is but part of a more comprehensive reply involving a number of legal propositions. It is doubtful, therefore, if the exception is available to the appellants in view of the fact that the exception comprises more than a single legal proposition, and, therefore, the judge's attention was not properly drawn to the particular phase of the instruction of which complaint is now made. That the exception was not directed to this phase of the instruction might also well have been assumed by the trial judge, in view of the fact that the reply of the court, upon the inquiry of the jury, was precisely the same instruction that had been previously given to the jury and as to which counsel for the plaintiff had already stated that he had no exception.

The judgment will be affirmed.